Case 4:22-cv-00326   Document 10   Filed on 04/26/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 26, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE ROBIN EDWARDS, SPN #01191373, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-0326 |
| HARRIS COUNTY SHERIFF ED GONZALEZ, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Freddie Robin Edwards (SPN #01191373; former TDCJ #658647), is presently in custody at the Harris County Jail as a pretrial detainee. He has filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), which purports to challenge a "conviction" for robbery that was entered on February 4, 2021, in Harris County Case No. 1702029A. He has filed an Application to Proceed in District Court Without Prepayment of Fees and Costs (Docket Entry No. 3). At the court's request he has also filed Petitioner's More Definite Statement ("Petitioner's MDS") (Docket Entry No. 9), which clarifies that he is challenging his continued confinement on robbery charges pending against him in Harris County Case No. 1702029. After considering the pleadings and applicable law, the court will dismiss this action without prejudice for the reasons explained below.

## I. Background

In 1992, Edwards was convicted of unauthorized use of a motor vehicle and sentenced to 30 years' imprisonment by the 232nd District Court for Harris County, Texas.[1]  See Edwards v. State, 883 S.W.2d 692 (Tex. App. — Texarkana 1994, no pet.).  While on parole from the prison sentence he received in that case, Edwards was arrested for committing aggravated robbery on October 10, 2020.[2]  He was taken to Harris County Jail and released the same day.[3] Edwards returned to custody at the Harris County Jail on November 16, 2020, after the Texas Board of Pardons and Paroles issued a warrant and filed a motion to revoke his parole.[4]

Edwards alleges that on December 13, 2020, "the State's attorney" accepted charges against him for the lesser offense of robbery, stemming from his arrest on October 10, 2020.[5]  Public records confirm that the Harris County District Attorney's Office filed a criminal complaint against Edwards on that date, charging him with robbery involving bodily injury to the victim in Case No.

---

[1]Petitioner's MDS, Docket Entry No. 9, p. 5.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic case filing system ("ECF").

[2]Id. at 1, 6.

[3]Id. at 1.

[4]Id.; see also Docket Sheet in State of Texas v. Edwards, Case No. 1702029, available at Office of the Harris County District Clerk, available at: https://www.hcdistrictclerk.com (last visited April 20, 2022).

[5]Petitioner's MDS, Docket Entry No. 9, p. 6.

1702029 in the 351st District Court for Harris County, Texas.[6]

On December 31, 2020, Edwards filed Applicant's Pre-Trial Writ of Habeas Corpus ("State Habeas Application") to challenge his "sentence" in Harris County Case No. 1702029.[7] Edwards argued that he was entitled to relief from his "conviction" for "robbery" in Case No. 1702029 because (1) after the criminal complaint was filed on December 13, 2020, he was not taken before a magistrate judge for his statutory warnings so that he could invoke his "right to freedom of speech" under the First Amendment; (2) he was not taken before a magistrate judge and provided with statutory warnings or a probable cause determination within 48 hours of his arrest; (3) he was not given a "Gerstein's Hearing" after his arrest; and (4) he was denied the right to represent himself.[8]

Edwards alleges that the trial court held a hearing on his State Habeas Application, which was docketed as Case No. 1702029A,[9]

---

[6]See Docket Sheet in State of Texas v. Edwards, Case No. 1702029, available at Office of the Harris County District Clerk, available at: https://www.hcdistrictclerk.com (last visited April 20, 2022).

[7]See Petitioner's MDS, Exhibit B, "Application for a Writ of Habeas Corpus Seeking Relief [] Under Code of Criminal Procedure Article 11.[01]," Docket Entry No. 9-1, p. 3 (showing that Edwards altered an "Article 11.07 Writ Application Form," which is typically used to challenge a final felony conviction under Article 11.07 of the Texas Code of Criminal Procedure)

[8]Id. at 3-4, 8-12.

[9]Petitioner's MDS, Docket Entry No. 9, p. 3 (referencing his Application in the trial court, Writ No. 1702029A, and the Texas (continued...)

and sustained the second claim lodged in his State Habeas Application, dismissing his robbery case for lack of probable cause on February 4, 2021.[10] The following day, prosecutors obtained grand jury indictments against Edwards, which formally charged him with robbery involving bodily injury and evading arrest.[11] These charges remain pending against Edwards in the 351st District Court.[12]

On January 24, 2022, Edwards executed and filed his federal Petition for habeas corpus relief under 28 U.S.C. § 2254.[13] Edwards argues that he is entitled to relief for the same reasons that he

---

[9](...continued)
Court of Criminal Appeals proceeding, Writ No. 24,931-20). It appears that the trial court rejected the other claims raised by Edwards and public records reflect that the Texas Court of Criminal Appeals "dismissed" the Application on May 19, 2021. See Texas Judicial Branch, Case Search for Writ No. 24,931-20, https://search.txcourts.gov (last visited April 20, 2022).

[10]Petitioner's MDS, Docket Entry No. 9, p. 2.

[11]Id. A grand jury indictment operates as a finding of probable cause by an independent intermediary, which breaks the chain of causation for a claim of false arrest. See Gerstein v. Pugh, 95 S. Ct. 854, 865 n.19 (1975); Caudra v. Houston Indep. Sch. Dist., 626 F.3d 808, 813 (5th Cir. 2010) ("[I]f facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.") (quoting Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994), overruled on other grounds by Castellano v. Fragozo, 352 F.3d 939, 949 (5th Cir. 2003) (en banc)).

[12]Petitioner's MDS, Docket Entry No. 9, p. 1 (indicating that his next court date is on May 18, 2022).

[13]Petition, Docket Entry No. 1, p. 15.

asserted in his State Habeas Application.[14] Because his state court proceedings remain ongoing, the court concludes that this action must be dismissed for the reasons stated below.

## II.  Discussion

Edwards filed his pending Petition on a form used to seek relief under 28 U.S.C. § 2254, which "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.1987) (quoting 28 U.S.C. §§ 2254(a) and (b)). Because Edwards is still a pretrial detainee who has not been convicted, his request for release from confinement is governed by 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Id.; see also Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (same).

To the extent that Edwards asks this court to intervene and dismiss the charges pending against him, a federal district court lacks authority to dismiss criminal charges that are pending against a defendant in state court. Review of pretrial habeas petitions is limited by principles of comity and federalism. Absent exceptional circumstances, pretrial federal habeas corpus

---

[14]Id. at 5-10.

-5-

petitions are discouraged under the doctrine of abstention announced in Younger v. Harris, 91 S. Ct. 746, 750-51 (1970), which prohibits direct interference by a federal court with a pending state criminal prosecution. See In re Justices of the Superior Court, Mass., 218 F.3d 11, 17-18 (1st Cir. 2000); see also Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) ("[Abstention] is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.") (citation omitted); DeSpain v. Johnston, 731 F.2d 1171, 1177 (5th Cir. 1984) ("The Younger doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending.").

Abstention is required under the Younger doctrine when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. Louisiana Pub. Defender Bd., 677 F.3d 712, 716 (5th Cir. 2012) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (internal citations omitted). All three conditions are met here. First, a court order dismissing the

indictments returned against Edwards on February 5, 2021, would necessarily interfere with ongoing state court proceedings, which involve allegations that Edwards committed a serious offense that resulted in bodily injury to the victim and then fled from the police to avoid his arrest. Second, "[t]he state has a strong interest in enforcing its criminal laws." DeSpain, 731 F.2d at 1176. Third, Edwards has availed himself of opportunities to litigate his claims before the trial court and he will also have an avenue to present them on direct appeal and any other state court post-conviction remedies under Article 11.07 of the Texas Code of Criminal Procedure. Under these circumstances, the court must abstain from asserting jurisdiction under Younger. Because review is barred by abstention, the pretrial habeas corpus Petition filed by Edwards will be dismissed without prejudice for lack of jurisdiction.

### III.  Certificate of Appealability

A certificate of appealability will not issue unless a habeas corpus petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must

show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because reasonable jurists would not debate that the review is barred by the doctrine of abstention, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Freddie Robin Edwards (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

3. The petitioner's Application to Proceed Without Prepayment of Fees and Costs (Docket Entry No. 2) is **DENIED AS MOOT**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 26th day of April, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE